UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

HERBERT LONG,

      Plaintiff,

09 CV 0456F

INMATE CIVIL RIGHTS
COMPLAINT PURSUANT
TO 42 U.S.C.A. § 1983

-vs-

KAREN CROWLEY, DEPUTY SUPERINTENDENT OF PROGRAMS
ROBERT K. KIRKPATRICK, SUPERINTENDENT
NORMAN R. BEZIO, DIRECTOR OF INMATE DISCIPLINARY
HELEN C. MILLER, SENIOR MAIL CLERK
S. WILLIAMS, CORRECTION OFFICER
A. BATOR, CORRECTION OFFICER
BRIAN FISCHER, COMMISSIONER OF N.Y.S.D.O.C.S.

      Defendants.



## STATEMENT OF JURISDICTION

1. This is a civil action seeking relief and/or damages to protect and defend the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION:**

2.   PLAINTIFF: Herbert Long #04-A-3956

    ADDRESS: Wende Correctional Facility
            3622 Wende Road
             P.O. Box 1187
             Alden, New York 14004-1187

**DEFENDANTS INFORMATION:**

3.  **DEFENDANT:** Karen Crowley

    **ADDRESS:** Wende Correctional Facility
    3622 Wende Road
    P.O. Box 1187
    Alden, New York 14004-1187

    **OFFICIAL POSITION:** Deputy Superintendent of Programs

4.  **DEFENDANT:** Robert K. Kirkpatrick

    **ADDRESS:** Wende Correctional Facility
    3622 Wende Road
    P.O. Box 1187
    Alden, New York 14004-1187

    **OFFICIAL POSITION:** Superintendent

5.  **DEFENDANT:** Norman R. Bezio

    **ADDRESS:** New York State Department of Correctional Services
    W.A. Harriman Campus, Building #2
    1220 Washington Avenue
    Albany, New York 12226-2050

    **OFFICIAL POSITION:** Director of Inmate Disciplinary Program

6.  **DEFENDANT:** Helen C. Miller

    **ADDRESS:** Wende Correctional Facility
    3622 Wende Road
    P.O. Box 1187
    Alden, New York 14004-1187

    **OFFICIAL POSITION:** Senior Mail Clerk

7.  **DEFENDANT:** S. Williams

    **ADDRESS:** Wende Correctional Facility
    3622 Wende Road
    P.O. Box 1187
    Alden, New York 14004-1187

    **OFFICIAL POSITION:** Correction Officer

8.  **DEFENDANT:** A. Bator

   **ADDRESS:** Wende Correctional Facility
   3622 Wende Road
   P.O. Box 1187
   Alden, New York 14004-1187

   **OFFICIAL POSITION:** Correction Officer

9.  **DEFENDANT:** Brian Fischer

   **ADDRESS:** New York State Department of Correctional Services
   W.A. Harriman Campus, Building #2
   1220 Washington Avenue
   Albany, New York 12226-2050

   **OFFICIAL POSITION:** Commissioner

10.  **PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT**

A.  Have you begun any other lawsuits in state or federal court dealing with the same facts involved in this action? **Yes.**

1.  Name(s) of the parties to this other lawsuit:

   **Plaintiff:** Herbert Long

   **Defendant(s):** The State of New York

2.  Court: Albany County

3.  Docket or Index Number: None

4.  Name of Judge to whom case was assigned: Hon. Philip J. Patti

5.  The approximate date the action was filed: April 7, 2009

6.  What was the disposition of the case?

   Is it still pending? Yes.

B.  Have you begun any other lawsuits in federal court which to your imprisonment? **Yes.**

1. Name(s) of the parties to this other lawsuit:

   Plaintiff: Herbert Long

   Defendant(s): D. Klose
   Robert K. Woods
   S. Bullis

2. District Court: Northern

3. Docket Number: 9:07-CV-268 (LEK/GJD)

4. **Name of District or Magistrate Judge to whom case was assigned:**
   The Honorable Lawrence E. Kahn, U.S. District Judge
   The Honorable Gustave J. DiBianco, U.S. Magistrate Judge

5. **The approximate date the action was filed:** May 23, 2007

6. **What was the disposition of the case?** Dismissed. Judgment upon motion for defendants due to plaintiff being procedurally barred by collateral estoppel.

7. **Each Defendant is sued individually and in his/her official capacity. At all times mentioned in this complaint each Defendant acted under the color of state law.**

8. In accordance to 42 U.S.C. § 1997e(a) all administrative remedies as are available have been exhausted.

A. <u>FIRST CLAIM</u>: On February 8, 2008, Plaintiff received a Tier III misbehavior report authored by Senior Mail Clerk, Helen C. Miller, citing prison violations: **114.10 Smuggling** and **180.11 Violating Facility Correspondence.**

Helen C. Miller opened plaintiff's out-going mail in which she found three letters addressed to inmates in other facilities. The rules regarding out-going mail are contained in 7 N.Y.C.R.R. § 720.3 Subsection (e) of that rule provides that "[o]utgoing correspondence shall not be opened, inspected, or read without express written authorization from the facility superintendent." Subsection (q) states that out-going correspondence that does not comply with other provisions of the out-going mail regulations "will be opened and returned to the inmate." Returning the correspondence to the plaintiff may have been an "appropriate procedure...not at odds with the regulations." However, given the explicitly prohibition against opening, inspecting, or reading out-going correspondence without express written authorization from the facility superintendent, and in the absence of some [other] violation of the regulation, Helen C. Miller had no authority to open plaintiff's correspondence. The constitutional basis for this claim under 42 U.S.C. § 1983 is Even if the state had absolute immunity with respect to prison discipline, immunity can not be extended post hoc to cover violation that initiated disciplinary action, where plaintiff's disciplinary hearing was tainted by violation of regulatory

protections afforded him in admitting improperly obtained evidence, and violation impinged upon plaintiff's **Due Process Rights** at hearing when tainted evidence was admitted, directly resulting in plaintiff's wrongful confinement. **U.S.C.A. Const. 14.**

The relief I am seeking for this claim is $6,000 in compensatory damages and $12,000 in punitive damages.

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? **Yes.**
If yes, what was the result? Central Office affirmed the Hearing Officer's disposition.

B. **SECOND CLAIM:** On February 13, 2008 plaintiff's Tier III hearing was commenced. Plaintiff had requested the author of the misbehavior report to be produced as a witness. The hearing was adjourned until February 20, 2008 as the witness was unavailable. Plaintiff was in bed on the morning when correction officer S. Williams came to his cell and told him to get dressed as the hearing was about to begin. The officer alleges to have given plaintiff fifteen minutes to get prepared but he refused to attend the hearing. The correction officer also alleges the plaintiff refused to sign a waiver or refusal form. Plaintiff never knowingly or voluntarily waived his right to attend the second part of the hearing.

Plaintiff had a fundamental right to be present at his disciplinary hearing. Correction officer S. Williams had no discretion to vary regulatory requirement 7 **N.Y.C.R.R. § 254.6(b)** which states: **"an inmate shall be present at the hearing unless he refuses to attend or is excluded for reasons of institutional safety or correctional goals."** The right to be present is subject to forfeiture if the inmate unambiguously refuses to appear. In order for an inmate to make a knowing, voluntary, and intelligent waiver of his right to attend his hearing, he must be informed of that right and the consequences of failing to appear at the hearing. A review of the transcript indicates that correction officer S. Williams informed the Hearing Officer that she attempted to bring plaintiff to the hearing and not only did he refuse to attend, but he also refused to sign the refusal or waiver form. She later returned with correction officer A. Bator's signature on a refusal form as a witness in conjunction to S. William's testimony that the plaintiff refused to sign the refusal or waiver form. Upon investigation, plaintiff was made aware that officer A. Bator was assigned the post of escort officer for inmates who were going to sick call on the morning of February 20, 2008 which makes it inherently impossible for him to have witnessed the alleged refusal that he co-signed.

At the time of the incident the plaintiff was housed in cell block "A" on company number six when correction officer S. Williams came to escort him to the second part of the hearing.

**The constitutional basis for this claim under 42 U.S.C. § 1983 is**

The plaintiff's **Due Process Rights** under the **14th Amendment** was violated when officer S. Williams made false testimony on record at the hearing that plaintiff refused to attend, in addition to securing a co-signment from officer A. Bator who was assigned to a post that made it impossible for him to have witnessed plaintiff refusing to attend the second part of the hearing and refusing to sign the refusal or waiver form.

The relief I am seeking for this claim is $6,000 in compensatory damages and $12,000 in punitive damages.

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? **Yes.**
If yes, what was the result? Determination was annulled and expunged from plaintiff's institutional files.

C. <u>**THIRD CLAIM:**</u> On February 13, 2008, plaintiff asked the Hearing Officer if she had a copy of the written authorization by the facility superintendent as governed in 7 **N.Y.C.R.R. § 720.3(e)**. She stated that she knew nothing about it, in which plaintiff procedurally objected on the record.

PAGE 8

Plaintiff then asked the Hearing Officer, what made the author of the misbehavior report open that specific envelope when there were four other envelpoes? The Hearing Officer responded by stating that she didn't know and that I would would have to ask the author myself. The Hearing Officer then adjourned plaintiff's Tier III hearing due to the unavailability of Helen C. Miller, Senior Mail Clerk, who was the author of plaintiff's misbehavior report. On February 20, 2008, Hearing Officer Karen Crowley held plaintiff's Tier III hearing in "**absentia**" based on officer S. William's testimony that plaintiff refused to attend. In accordance to statutory regulation 7 **N.Y.C.R.R. 254.6(b)** " **the hearing officer must determine that the alleged refusal was knowing, intelligent, and voluntary,--that is, that the plaintiff understood that the hearing would be held in his absence, that he would be waiving his rights to present evidence and make procedural objections, and that his refusal to attend was voluntary.**" Plaintiff's requesting of the author of the misbehavior report on February 13, 2008, should have given the Hearing Officer some "**foreseeability**" that the plaintiff wanted to attend the second part of the hearing on February 20, 2008.

PAGE 9

Hearing Officer Karen Crowley erroneously admitted the illegally obtained letters into evidence and held plaintiff's hearing in **"absentia."** Plaintiff was found guilty of prison violations: **180.11 Violating Facility Correspondence** and **114.10 Smuggling** with penalties ranging in **60 days loss of Commissary, Telephone Priviledges, Packages, Recreation,** and **60 days on keeplock.**

**The constitutional basis for this claim under 42 U.S.C. § 1983 is**

The plaintiff has a **"liberty interest"**, protected by the **14th Amendment's Due Process Clause,** in avoiding the disciplinary confinement he endured. Disciplinary confinement as punishment deprived plaintiff of priviledges for a protracted period. Deprivation of constitutional rights are tailored to the interest protected by the particular right in question.

The relief I am seeking is $6,000 in compensatory damages and $12,000 in punitive damages.

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim?  **Yes.**
If yes, what was the result?  Determination was annulled and expunged from plaintiff's institutional files.

D.  **FOURTH CLAIM:** On February 20, 2008, plaintiff appealed his disciplinary disposition to Norman R. Bezio, Director of Inmate Disciplinary Program in Albany, New York and defendant affirmed Hearing Officer's determination.

Plaintiff wrote letters to Brian Fischer, Commissioner of the Department of Correctional Services; Norman R. Bezio, Director of Inmate Disciplinary Program; and Robert K. Kirkpatrick, Superintendent of Wende Correctional Facility. No investigation was ever done to see if plaintiff's procedural claims were meritorious or not, and each of these defendants are bestowed the authority to have rectified this matter at that appropriate time. Hearing Officer Karen Crowley was the facilitator of plaintiff's Tier III Superintendent's hearing appointed by Robert K. Kirkpatrick, Superintendent. Norman R. Bezio, Director of Inmate Disciplinary Program was appointed by Brian Fischer, Commissioner of the Department of Correctional Services to review plaintiff's appeal which he ultimately affirmed.

**The constitutional basis for this claim under 42 U.S.C. § 1983 is**
Plaintiff has a **"liberty interest"** protected by the **Fourteenth Amendment's Due Process Clause** which was violated when the following occurred: Hearing Officer Karen Crowley held plaintiff's Tier III Superintendent's Hearing in **"absentia"** while erroneously admitting illegally obtained evidence.

PAGE 11

Robert K. Kirkpatrick who is the superintendent at Wende Correctional Facility failed to investigate and rectify plaintiff's due process claims which he was authorized to do as the Chief Executive Officer who delegated defendant Karen Crowley to facilitate plaintiff's hearing. Norman R. Bezio failed to reverse the Hearing Officer's determination and instead chose to review erroneously admitted relied upon evidence. Defendant Brian Fischer, Commissioner of the Department of Correctional Services received a letter in regards to the **"arbitrary and capricious"** manner in which the hearing was held, and he neglected to review the determination and instead relied upon his designee Norman R. Bezio as the final determinig factor which resulted in plaintiff's appeal to Central Office being affirmed.

**The constitutional basis for this claim under 42 U.S.C. § 1983 is** Plaintiff had a **"liberty interest"** protected by the **Fourteenth Amendment's Due process Clause,** in avoiding the disciplinary confinement he endured. By admitting erroneously obtained evidence and holding plaintiff's hearing in **"absentia"**, the immediate and lingering consequences suffice to qualify such confinement as **liberty depriving** for purposes of **Due Process Protection Clause.**

The relief I am seeking is $6,000 in compensatory damages and $12,000 in punitive damages.

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim? **Yes.**

If yes, what was the result? Determination was affirmed by Norman R. Bezio, Director of Inmate Disciplinary Program.

### Relief Sought

For the reasons stated, Plaintiff requests relief in the amount of $6,000 in compensatory damages for each claim stated in this action and $12,000 in punitive damages for each claim stated in this action, totaling $24,000 in compensatory damages and $48,000 in punitive damages.

**Plaintiff demands a jury trial**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 2, 2009.

*Herbert Lou*
PLAINTIFF/PRO-SE